UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WILLIAM CHAPMAN,

        Plaintiff,

v.                                    CASE No. 8:05-CV-1906-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[*] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

_____

[*]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

The plaintiff, who was forty-seven years old at the time of the administrative hearing and who has an eleventh grade education (Tr. 94, 295-96), has worked as a heating and air conditioning mechanic (Tr. 89). He filed his current claims for Social Security disability benefits and supplemental security income payments in October 2002, alleging that he became disabled on August 30, 2002 (the day after his prior claims were denied by an administrative law judge (Tr. 47-56)), due to cirrhosis of the liver (Tr. 77, 88).   The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a de novo hearing before an administrative law judge.  The law judge found that the plaintiff has  severe impairments of alcoholism, cirrhosis of the liver, arthritis, and depression (Tr. 20).  He concluded that these impairments limit the plaintiff to a wide range of light work (id.).  Specifically, he found that the plaintiff can lift and carry twenty pounds occasionally, ten pounds frequently, and can occasionally bend, stoop, crouch and kneel (id.).  The law judge also determined that the plaintiff required the option to alternate sitting and standing at will, and should avoid prolonged standing and working in

environments with respiratory irritants and temperature extremes (id.). The plaintiff's residual capacity was further limited to performing simple repetitive tasks where he would only occasionally interact with the public (id.). The law judge determined that these restrictions prevented the plaintiff from returning to his past work (id.). However, based upon the testimony of a vocational expert, the law judge found that work exists in the national economy that the plaintiff can perform, such as a production assembler, garment sorter, or solderer (id.). Accordingly, the law judge decided that the plaintiff was not disabled. The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner (Tr. 3).

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under

the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971).  Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence.  Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).  Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence,

but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled.  However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met.  <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The law judge found that the plaintiff has severe impairments of alcoholism, cirrhosis of the liver, arthritis and depression (Tr. 20). Under the Social Security Act, however, alcoholism cannot be a basis for a finding of disability since the Act provides that an individual shall not be considered disabled if alcoholism or drug addiction would be a contributing factor material to the disability determination.   42 U.S.C. 423(d)(2)(C), 1382c(a)(3)(J).  The sparse medical evidence in the record fails to establish that the other three impairments render the plaintiff disabled.  Notably, no doctor has opined that the plaintiff is disabled.  Furthermore, no doctor has even stated that the plaintiff has functional limitations greater than the law judge found to exist.

The plaintiff challenges the law judge's decision on the grounds that the law judge failed properly to consider the plaintiff's subjective

complaints of fatigue and the need to urinate frequently (Doc 15, p. 6-9). The plaintiff's arguments are unpersuasive because the law judge expressly and reasonably evaluated those complaints.

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." This standard also applies to complaints of subjective conditions other than pain. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). If the law judge discounts the plaintiff's testimony concerning subjective complaints, he must articulate explicit and adequate reasons for doing so. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

In this case, the law judge referred to the pertinent law governing the assessment of subjective complaints, including the Landry decision (Tr. 14). This demonstrates that he applied the Eleventh Circuit's subjective

complaint standard.  <u>Wilson</u> v. <u>Barnhart</u>, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Furthermore, the law judge's analysis complied with that standard.  Thus, the law judge provided explicit and adequate reasons for his determination on the plaintiff's complaints of poor energy and frequent urination.

The law judge discussed at length the plaintiff's assertions regarding being too tired to work (Tr. 15-16).  The law judge discounted those assertions, noting that no treating doctor had indicated that the plaintiff was unable to perform light work (Tr. 15).  The law judge also considered the assertions less than fully credible because the plaintiff had "not reported being too tired to do anything to his treating and examining physicians" (<u>id</u>.).  The law judge reasoned that "[o]ne would assume that if tiredness were such a significant problem as alleged, he would have addressed this concern to his doctors" (<u>id</u>.).

Significantly, the plaintiff's testimony on this point was limited to answering the question, "How's your energy level?" by saying "not good" (Tr. 302).  That testimony certainly does not compel a finding that the plaintiff is too tired to perform light work.  <u>See</u> <u>Adefemi</u> v. <u>Ashcroft</u>,

386 F.3d 1022, 1027 (11th Cir. 2004) (<u>en banc</u>), <u>cert</u>. <u>denied</u>, 544 U.S. 1035(2005).  This is particular so in light of the evidence that when the plaintiff went to an emergency room on July 15, 2003, hoping to obtain support for his disability claim, he reported that his "[e]nergy is 'good'" (Tr. 242).

It is recognized that the plaintiff predicates this argument upon the law judge's statement that "I find it more likely than not that if indeed the claimant has incapacitating tiredness and/or fatigue[,] it is directly related to his ongoing abuse of alcohol[] that is producing significant detrimental effects on his body as a whole" (Doc. 15, p. 6).  However, this comment clearly does not support reversal.  The law judge, as indicated, specifically found that the plaintiff's claims regarding incapacitating tiredness were not credible and provided valid reasons for that finding (Tr. 15). Thus, there was no need for the law judge to go any further in the analysis to determine whether alcohol abuse played a role.  The fact that the law judge added the comment that, even if the plaintiff truly did suffer incapacitating weakness, it was likely caused by alcohol abuse is not grounds for a reversal, particularly since the comment is reasonable and supported by the evidence mentioned by the law judge on this issue (<u>id</u>.).

The plaintiff's second contention is that the law judge incorrectly discredited his testimony regarding his need to urinate frequently. This contention also fails. The law judge noted that the plaintiff was prescribed a diuretic (Tr. 16). This medication seemingly could result in increased urination.

The law judge, however, analyzed the record of prescriptions in detail (id.). Thus, the law judge determined that the plaintiff's prescription information showed that, between July 2, 2002, and June 2003, the plaintiff had only filled his prescription enough to have actually been taking the medicine for four out of the eleven months, and that clinical notes from July 2003 indicate the plaintiff had not been compliant with taking his medication (id.). Additionally, the law judge found that, between June 10, 2003, and September 21, 2004, the plaintiff had only refilled his diuretic medication one time (id.). Based on this information, the law judge concluded that "any frequent urination issues would have been sporadic at best and could have been accommodated in a work setting over the short run, and, in any event, would not have produced functional limitations lasting 12 months or more" (id.). This is a reasonable conclusion based upon the evidence that was before the law judge. The plaintiff has failed to

identify any evidence that would compel a conclusion that the plaintiff's need to urinate would impose functional limitations lasting twelve months or more.

## IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain reversible error. Therefore, the Commissioner's decision is hereby AFFIRMED. The Clerk shall enter judgment in accordance with this Order and close this case.

DONE and ORDERED at Tampa, Florida, this <u>2nd</u> day of February, 2007.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE